RE W. H. H. CHAPMAN, insolvent debtor; E. G. WHITE, assignee appellant.

May Term, 1899.

Present: ROWELL, TYLER, MUNSON, START, THOMPSON and WATSON, JJ.

Opinion filed June 5, 1899.

*Appeal.*—The appeal allowed by V. S. 2136, 2137, to the court of chancery from the decree of the court of insolvency granting or refusing a discharge, carries with it the right to an appeal from the court of chancery to the supreme court, for the chapter in which those sections occur expressly provides in what instances decrees shall be final, and this is not among them.

*Right to a Discharge in Insolvency—Perjury.*—A foreclosure suit upon a mortgage too old to be affected by the insolvency proceedings is not a part of those proceedings; and consequently perjury committed by the insolvent debtor in that suit is no bar to his discharge, under V. S. 2135.

*Perjury—Attempted Preference.*—The perjury was not in this case an attempted preference, for if successful it would not have affected the distribution of the debtor's estate among his creditors in insolvency.

CHANCERY. Appeal from the court of insolvency. Heard upon the report of the master and exceptions thereto, at the December term, 1898, Windsor county, before *Taft,* Chancellor, who affirmed the decree of the court of insolvency. The assignee appealed.

*W. W. Stickney* and *J. G. Sargent* for the appellant.

*Gilbert A. Davis* for the debtor.

THOMPSON, J.   This is an appeal from the decree of the court of chancery affirming the decree of the court of insolvency granting the insolvent debtor a discharge from all debts and claims which by law may be so discharged.

The insolvent debtor insists that the appeal should be dismissed in this court because V. S. 2136 and 2137, which provide for an appeal to the court of chancery, contain no provision for an appeal from that court to the supreme court.   Chap. 102, V. S., which relates to insolvency proceedings, expressly provides when the decision of any court therein mentioned shall be final.   This being so, it is clear that when an appeal was allowed to the court of chancery, without any limitation as to the effect of its decrees, it was intended that the parties should have the same rights in that court as are allowed, by its rules of practice and the law, in other cases.   This proceeding does not fall within the class of cases in which an appeal is denied by V. S. 981 but comes within its provisions allowing an appeal.   Therefore, the motion to dismiss is overruled.

During the pendency of the proceedings in the court of insolvency, a suit was brought by a creditor against the insolvent debtor, in the court of chancery, to foreclose a mortgage given by him so long prior to the adjudication of insolvency as not to be affected by it.   In that case, an issue arose between the petitioner and another mortgagee whether three hundred dollars paid such mortgagee, should be applied on a certain note held by him.   The master finds that the insolvent debtor was improved as a witness in that case and in giving his testimony on the subject of the application which he directed to be made of the three hundred dollars committed perjury, with the intent to increase the value of a second mortgage held by the petitioner.   The appellant claims that this disentitles the insolvent debtor to a discharge under V. S. 2135 which

enumerates what acts on the part of the insolvent debtor shall prevent his being granted a discharge. The perjury found by the master was not committed in the insolvency proceedings, and, therefore, does not fall within the kind of perjury mentioned in V. S. 2135. Nor was it a preference or an attempted preference of a creditor within the meaning of chap. 102. If the perjury had proved successful in accomplishing the purpose for which it was committed, it would not have affected the distribution of the insolvent debtor's estate among his creditors under the insolvency law. It was an attempt of a witness to aid one of the parties by perjury, instead of an attempt by the debtor to transfer property under his control to a creditor for the purpose of giving him a preference over other creditors.

*Decree affirmed with costs to appellee, and case remanded to court of chancery.*