LAND, J.
This is a suit for separation of property, for the recovery of the sum of $4,000 alleged paraphernal funds of the wife received and converted by her husband, for recognition- of her separate ownership of certain described real estate, and for the annulment, as a fraudulent simulation, of certain sales of community property by the husband.
An injunction was sued out inhibiting and restraining him from disposing of the property described in the petition until the further orders of the court.
The petition alleges that the marriage took place at Honolulu, Island of Oahu, Hawaiian Islands, in December, 1S68, and that plaintiff’s separate property in said Island of Oahu, acquired by purchase and inheritance, was sold in October, 1895, for the sum of $4,000, which was received and used by her husband.
The petition further alleges that in December, 1900, Samuel Nott made simulated and fraudulent sales to his son, Robert H. Nott, of certain described real estate belonging to the community, consisting of lands and lots situated in the parish of Tangipahoa and in the state of California.
The petition further alleges that certain described tracts and parcels of real estate situated in the Island of Oahu and in the state of California, and 50 shares of the Pacific Hardware Company of Honolulu, are the separate property of the petitioner.
The petition alleges the insolvency of Samuel Nott, to the knowledge of Robert H. Nott at the time of said simulated and fraudulent sales.
A default was taken against both defendants, and Samuel Nott alone appeared and has answered, excepting at the same time to the jurisdiction of the court to pass on the rights of property situated in other states and out of the state of Louisiana.
His answer is as follow's:
“Defendant for answer admits his marriage with plaintiff, and specially denies each and every other allegation in plaintiff’s petition. Specially denies that plaintiff ever owned any separate property, but, should it be decided that plaintiff is the owner of the property declared on exhibit “B” to her petition, then this defendant avers that he had valuable, improvements placed on said land, costing four thousand dollars, and the same enhanced the value thereof to that extent. Specially denies that plaintiff owns separate property in this parish, and avers, and so the facts are, that while the title to thé property described in plaintiff’s petition and Exhibit F is in plaintiff’s name, the same was paid for with the defendant’s separate funds, as wTas also all the property in Tangipahoa parish in either plaintiff’s or defendant’s name; and, should it be decided that the property in your parish is community property between the plaintiff and this defendant, then this defendant is entitled to be reimbursed out of said community the purchase price of improvements -thereon, amounting to $3,000 or more.”
Defendant prayed that plaintiff’s suit be dismissed, but should it be decreed that plaintiff is entitled to judgment as claimed by her, and that the property in said parish belonged to the community, defendant then prayed for judgment against the community in the sum of $7,000, and such further sums as may be found due.
On the day fixed for the trial of the cause, the case was taken up, and plaintiff offered the depositions of W. O. Smith and Lorrin A. Thurston, of the Island of Oahu, taken under commission.
These depositions were ruled out on objection of defendant’s counsel that the commission was executed after the return day.
Thereupon the case was continued, the defendant urging no objections.
The depositions of said witnesses were tak *1031 en de novo, and filed in evidence on the trial of the cause.
The defendant offered no evidence.
The district judge rendered judgment in favor of plaintiff, decreeing a separation of property, condemning defendant to pay the sum of $4,000, with legal interest from judicial demand, recognizing plaintiff as the owner of Certain real estate situated in the parish of Tangipahoa, annulling as simulated and fraudulent the sale of certain real estate situated in the parish of Tangipahoa, maintaining and perpetuating the injunction as to the sale of said property, and recognizing plaintiff’s community interest therein. The injunction as to lands and property without this state was dissolved.
Defendants appealed. No prayer for amendment of judgment has been made in this court by plaintiff and appellee.
On the contrary, her counsel in their brief ask ‘.‘that the judgment of the district court be affirmed, with costs.” Hence the status of the property situated outside of Louisiana, and claimed by plaintiff as separate and community, is eliminated from consideration. Code Prac. art. 888, note A, by Garland.
The first contention of defendants is that the property in Honolulu purchased in the name of Mrs. Nott in 1870, and sold by her in 1895 for $4,000, belonged to the community. This contention rests, first, on the proposition that the laws of Honolulu have not been proved as a fact, and therefore must be presumed to be the same as the laws of Louisiana: and, secondly, on the assumption that the evidence does not show that the said purchase was made with the wife’s paraphernal funds under her separate administration.
The depositions of Larrin A. Thurston and W. O. Smith, two lawyers residing in Honolulu, were taken, as already stated, but they were not asked any specific questions as to the laws regulating the rights of married women in force in that place. Both testify, however, that the property was the wife’s separate property. The evidence shows that the property belonged to the estate of Larrin Andrews, the father of plaintiff, who inherited an interest therein, and acquired by purchase the interest of her coheirs, her mother intervening and releasing her rights of dower in favor of plaintiff. Hence the property cannot in any event be considered as community, except as to the interest of the coheirs acquired by purchase. The price paid them is stated in the deed to have been $500. There is no satisfactory evidence in the record showing how plaintiff acquired this money, if, in fact, any money was paid. Smith states in a general way that the money did not belong to the husband, but his testimony on this point is vague and not satisfactory.
The transaction was in the name of the wife, made with her coheirs and mother, and the property belonged to the estate of the father. The evidence does not show the extent of the interest of the plaintiff as heir in the property, or of the dower interest of the mother. The estate was evidently partitioned in some way among the heirs, as Thurston refers to other property in Honolulu acquired by plaintiff as heir and by conveyance from coheirs and the surviving widow. In 1874 this property was conveyed by plaintiff and her husband to one Dillingham in trust for the sole use and benefit of the wife and her heirs. It was reconveyed by the trustee to plaintiff in 1874, and in 1895 sold by her “in her own right” for $4,000, the husband receiving the proceeds.
It being apparent that the wife had some interest in the property as heir, and it being probable that the purchase in 1870 was connected with the settlement of her father’s estate, and the defendant husband having joined in the trust deed which recognized the right of the plaintiff to the property and its proceeds, we think that justice demands that this cause be remanded for further evidence and proceedings according to law. While there is no direct evidence as to the laws of Honolulu relative to estates, rights of married women, effect of trust deeds, etc., the two attorneys at law already mentioned testify that the property was the separate property of the wife.
From their answers we deduce the inference that this was their opinion, founded on the fact that the deed showed that the plaintiff acquired by purchase.
The status of the property in Honolulu acquired in 1868 must be determined by .the laws of the situs. The community laws of Louisiana do not operate on real estate in another state or in a foreign country. Heirs v. Murdock, 41 La. Ann. 496, 6 South. 131.
We note the statement, in the brief of *1033 counsel for defendant, that “the property firstly described in the judgment and decreed plaintiff’s separate property is not shown by any proof to have belonged to either plaintiff or defendant.” If defendant has no title to the property, he has no right to complain. This, however, is a matter that can be elucidated on another trial.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and this case be remanded to the district court for further proceedings according to law; plaintiff and appellee to pay the costs of appeal.