November 13, 1905.

———o———

## No. 3754.

### (Court of Appeal, Parish of Orleans.)

### MILTON P. DOULLUT, vs. LOUISA SMITH, ET·AL. HASPEL & DAVIS, INTERVENORS.

1. Where the facts in the record show that the property in. controversy is worth less than $2,000, this Court will take jurisdiction of the cause, notwithstanding that, on a previous occasion, a cause affecting the same property was taken cognizance of by the Supreme Court.
2. The remedy for inconsistent or contradictory defences is not a plea of estoppel, but a motion to compel the pleader to elect.
3. To permit plaintiff to successfully object by estoppel to either of two alleged inconsistent defences, according to his convenience or interest would practically give him the power to elect for defendants and would deprive defendants of their legal right to elect for themselves.
4. Where property is sold for different taxes, one of which was paid previous to the sale, such sale is an absolute nullity, which Art. 233, Const. of 1898, does not cure.

Appeal from 29th Judicial District Court, Parish of Plaquemine.

Jas. Wilkinson for Haspel and Davis, Intervenors.

John Dymond, Jr., for Plaintiff and Appellant.

A. E. and O. S. Livaudais, for Defendant and Appellee.

DUFOUR, J.  The plaintiff, holder by mesne conveyances of a

tax title, sues for a writ of possession under section 65 of Act 85 of 1888, and for a quieting of his title under Section 3 of Act 101 of 1898, carrying into effect Art. 233, Constitution of 1898.

The prayer of the petition is not merely for judgement quieting his title, but also for judgment declaring the property to belong to paintiff under good and valid title.

The grounds urged for dismissal of plaintiff's claim are:

First. Want of jurisdiction, *ratione materiae,* in this Court.

Second. An exception of no cause of action.

Third. That the tax sale which plaintiff's title rests is null and void, because the property was sold in part for a tax which had been paid previous to said sale.

Fourth. That plaintiff's vendor in redeeming or purchasing the property from the tax purchaser acted as agent for defendants.

I

The record clearly shows that the parties did not value the property at more than $2,000, and , for, several years before, the assessment has been $600. With the facts shown by the record in a previous suit appealed to the Supreme Court in reference to this property, we have no concern, we take jurisdiction by virtue of the proof in the record before us.

2

The exception of no cause of action is based on the ruling in *In re Siem,* 111 Lea 555, to the effect that an action of this kind, i.e. under the Act of 1898, cannot be brought unless it is alleged that the party bringing the suit has been in possession for three years previous.

The exception is not taken, the allegation of ownership made by the plaintiff is necessarily admitted to be true *quoad* the exception, and the prayer that the property be decreed to belong to plaintiff stamps the action with a petitory character.

Moreover, the exceptions refer apparently more to the form than to the legal nature of the proceeding, and they are filed after, in an answer to the merits, the defendants had joined issue on the question of validity of title.

3

The evidence, establishes the fact that the taxes of 1893 had been paid before the property was sold.

Although Thibaut, the then Sheriff and *ex officio* tax collector, as a first impulse testified that the tax of 1893 was not paid *to him*, he admits that he would prefer standing by his books than trusting to his memory.

Certified extracts from the Sheriff's books show that the tax was paid on June 18th, 1894, and the tax sale took place on June 15th, 1895.

It is further shown that the property was, on May 12th, 19th, 26th and June 3d and 9th, 1894, advertised to be sold on June 16th, 1894, and that on June 16th the advertisement was taken out.

Though we do not, with the district judge, go to the extent of saying that "there could be no stronger proof that the taxes, of the year 1903 had been paid previously to the tax sale," we think that the withdrawal of the advertisement on the day of the sale and the failure to sell at the time advertised were probably due to some promise of speedy payment which was carried out two days afterwards.

It is immaterial who paid the taxes; it is sufficient that the tax collector received them, and the subsequent sale was an absolute nullity which Art. 233 Constitution 1898 did not cure.

Plaintiff objected to proof of payment on the ground that defendants, by their pleadings and their acts, had estopped themselves from making such proof.

The allegation referred to is that plaintiff's author, when redeeming or purchasing the property from the tax purchaser; did so for the account of defendants as their agent, and this allegation follows the one alleging, the nullity of the sale for previous payment of the tax.

This is not a matter of estoppel by conduct, as the defendant did nothing which misled plaintiff or induced him to adopt any course detrimental to his interest.

Neither is it a matter of estoppel by pleading, it is at most a matter of conflicting or inconsistent demands, giving plaintiff the right to require that defendants should elect between them.

To permit plaintiff to successuflly object by estoppel to *either* of the two alleged inconsistent defences, according to his convenience or interest, would practically give him the power to elect for defendants, and would deprive defendants of their legal right to elect for themselves.

The law does not contemplate such a result in a matter of this kind.

The judgment annulling the tax sale and recognizing defendant's ownership is correct.

Judgment affirmed.

ESTOPINAL, J., Recused.

November 13, 1905.

## ON REHEARING.

1. Replications are not permitted by our law, and all averments in the answer are open to every species of attack without special plea.
2. If an answer is lacking in specifications or contains conflicting or inconsistent pleas, the remedy is not a motion to strike out or to elect; a more regular course is to permit the parties to go to trial and reject, on objection of opposite party, any evidence to sustain it.
3. If the appellee has cause to complain of the judgment appealed from, he may, without appeal on his part, state in his answer the points on which he thinks he has sustained wrong, and pray that the judgment be reversed with respect to them, and confirmed with costs as to the rest. If he does not do so the judgment cannot be disturbed in his favor.

Former decree set aside and judgment appealed from reversed.

MOORE, J. Entertaining serious doubt as to the correctness of our former opinion and decree we granted appellant's application for a rehearing.

Further consideration of the issues involved and the authorities cited, have persuaded us that we erred in holding that defendants were not estopped by their pleadings from making proof that the taxes on the property for the year 1893 had been paid previous to the tax sale and that this estoppel could not be urged by way of objection to the proffered evidence.

The law is well settled that where the defendant's answer sets up conflicting and inconsistent defenses, the plaintiff is not required to demand that the defendant make election as to which of the inconsistent and conflicting defenses he relies on. Replications are not permitted by our law, and all averments in the answer are open to every species of attack without special plea. If, therefore, a defendant in his answer is not sufficiently specific in setting up special pleas, where they are required to be set up with reasonable certainty, or where certain averments are made in the answer which are inconsistent or conflicting with certain

8

other averments, which the law considers, are then waived or abandoned or cannot stand together, then the proper course for the plaintiff to pursue is to object to the evidence which may be tendered to prove the defense which is thus opposed to or inconsistent with the other averments. As said the Court in Buyley & Pond, vs. Stacey &Poland 30 A. 1211, citing a number of authorities in its support. "Instead of moving to strike out or excepting to such defective pleading, a more regular way is to permit the parties to go to trial and reject on objection of opposite party any evidence to sustain them." 20 A. 193-33 A. 438; 34 A. 1243-45 A. 232-44 A. 886-49 A. 1254.

The answer, after avering that the tax sale was made because the taxes of 1893 were paid, and that therefore no title was conferred on Huntington, the purchaser, adds:

> Respondents further aver that the amount advanced by said firm of Haspel & Davis who acquired the property from Huntington) and paid over unto Henry C. Huntington, being the amount by him paid at tax sale of the property and penalties and costs added was at the time intended as a redemption of the property by Haspel & Davis for the account of one Antoin Jones, the under tutor of the minor children of James Smith, who intended to redeem the same, the said Haspel & Davis *purchasing as agent and for the benefit of the said minors and your other respondents and that the said amount has been refused to said Haspel & Davis by your respondents.*

Here is a distinct averment that the purchase by Haspel & Davis from Huntington was nothing more nor less than a redemption of the property sold for taxes made by Haspel & Davis for and on behalf of and for the benefit of defendants and that the amount so paid by Haspel & Davis was refunded by the defendants.

The answer does not set up the "redemption" in the alternative; nor is it averred that they, (through their alleged agents) "redeemed" the property through error of fact or of law as to the validity of the tax sale. On the contrary they aver that the sale from Huntington to their agents, Haspel & Davis, "was *at the time,* intended as a redemption of the property" and that they *paid* the price of said redemption, or rather, refunded the same to their agents who had paid same for them.

9

It may not be denied that in a contest directly between the defendants and Huntington, the tax purchaser, concerning the validity of the tax sale, the tender of the amount due to Huntington in order to redeem the property, would be a waiver of the right to question the regularity or legality of the tax sale. Black on Tax Titles Par. 197 p. 253, states the rule thus: "A tender of an amount paid by a purchaser at a tax sale, with lawful costs, *admits the amount due,* and is a *waiver of any irregularity in the assessment or sale."* The rule is none the less applicable because the redemtion was made for the delinquent tax payer, through and by his authorized agent.

The validity of the tax sale being thus judicially admitted by the averments in the answer, all evidence offered for the purpose of showing its invalidity was properly objected to; hence the ruling of the lower judge, duly accepted to and a bill reserved, over-ruling the objection and admitting the evidence, was error.

Disregarding therefore any evidence which may be in the record as to the payment prior to the tax sale of the taxes for 1893 there is left nothing in the defendant's care for consideration except their averment that Haspel & Davis redeemed for them and that they refunded the amount so paid. A careful survey of the evidence satisfies us that no such fact has been established; indeed, this branch of the case seems not to be seriously pressed. At any rate it is without any proof to sustain it.

The appellee again presses upon our attention his plea of no cause of action, which had been over-ruled by the trial judge. We find no reason for changing the views we originally expressed thereon, if, indeed, we have the authority now or had it originally, to consider it at all. The appeal came from a judgment in favor of the defendants on the merits. The appellees filed no answer to the appeal and hence did not pray for any amendment of the judgment in their favor. Art. 888 C. P. provides that "If the appellee has cause to complain of the judgment appealed from, he may, without appeal on his part, state in his answer the points on which he thinks he has sustained wrong, and pray that the judgment be reversed with respect to them, and confirmed with costs on the rest." If he does not do so the judgment cannot be disturbed in his favor.

In the case of the City of New Orleans, vs. N. O. Jockey Club et als, recently decided and not yet reported, the Supreme Court

10

had occasion to consider the question as to its power to amend a judgment in appellees favor when no prayer to that effect had been made in the answer to the appeal.

In the course of its opinion it said:

"Although the issue as to the authority of the City Attorney to bring suit has, as we have seen, been made the subject of final judgment regularly signed, and has been decided adversly to the defendants by whom it was presented, and although the defendants have not appealed and have not joined in or answered the appeal taken by the plaintiff, and are not before this Court, save by way of *argument*, asking their judgment be amended, their learned counsel contends that in the event this Court should hold that the exception of no cause of action was improperly sustained that it should inquire into and reverse the judgment of the District Court upon the issue thus mentioned."

"The counsel for the plaintiff on the other hand argues," that, insofar as the judgment of the District Court sustains its position, the plaintiff, who alone has appealed, makes no complaint, and that the "defendants having neither appealed or answered the appeal taken by the plaintiff, *are not in a position to complain.* This last stated view of the matter *we hold to be correct.*"

The Court then quotes verbatim Art. 888 of the Code of Practice and makes copious reference to Morris, vs. Cain, 39 A. 724, Talle et als vs. Monasterlo et als, 48 A. 1232. Gathe, vs. Broussard et al 49 A. 312, and Nott, vs. Nott 111 La. 1031, and the Court concludes on this point as follows:

"We cannot reverse the ruling without amending the judgment, and *we can no more in the that respect amend the judgment at the instance of the appellee, than we could reserve that part of the judgment which dismisses the suit, if the defendant had appealed and the plaintiffs had not answered and prayed for such amendment.*"

In Moffet, vs. Koch, 106 La. Rep. p. 380, the Court said:

"And as the transcript discloses no complaint concerning, or appeal from, the interlocutory ruling dismissing the plaintiff's supplemental petition, and as there is no answer to the appeal taken by the defendant, it follows that the question of the correctness of that ruling was not presented for review in the case which has been decided."

And in Bradley-Ramsey Lumber Co., vs. Perkins, 109 La. Rep. p. 321, the Court said:

"As the intervenor has neither appealed nor prayed for an amendment of the judgment, the ruling of the District Court, in declining to remove the cause to the United States Court is not before us for review."

For these reasons it is therefore ordered, adjudged and decreed that our former opinion and decree be set aside and avoided and it is now ordered adjudged and decreed that the judgment appealed from be and the same is hereby set aside, annulled and reversed and that the plaintiff, Milton P. Doullut be and he is hereby decreed to be the owner, and entitled to the possession of the property described in his petition herein. The defendants, appellees herein, to pay the costs of both Courts.

ESTOPINAL, J. Recused.

Judgment reversed by Supreme Court June 4, 1906.