Statement.
MONROE, ■ J.
Plaintiff appeals from a judgment purporting to maintain an exception of no cause of action and dismiss its suit.
The petition reads in part as follows:
“The petition of the city of New Orleans * * * with respect represents: That the New Orleans Jockey Club * * * is in physical possession, and is making use of and obstructing, for private purposes, the following named streets [naming them]. That George G. Fredericks * * * is in physical possession, and is making use of and obstructing, the following named streets [naming them],
“That the above-named public streets have been and are dedicated to perpetual public use as streets, and the title thereto has been for many years, and is now, in the people of the city of New Orleans. That said streets are inalienable, and no private corporation or person has or can have or obtain title thereto, or the right of obstructing same, or the right to the exclusive use thereof, and that the possession of said defendants of said above-named street, and their occupancy, use, and obstruction, constitutes a public nuisance.
“Petitioner further avers that the said streets are the property' of the people of the city of New Orleans, and are under the administration of the government of the city of New Orleans as trustee for said people.
“Wherefore petitioner prays * * * that a writ of injunction do issue herein, directed to the New Orleans Jockey Club, * * * enjoining and restraining said * * * club and said George G. Fredericks * * * from exercising any rights of ownership, possession, or exclusive use of, and from, obstructing, the following named streets [naming them]; that * * * there be judgment in favor of the city of New Orleans, as administratrix and trustee of the people of New Orleans, and against the said * * * club and * * * Fredericks, decreeing the title to the said streets to be in the people of New Orleans, decreeing said streets to be dedicated to the perpetual public use as streets, and decreeing that said. club * * * and said Fredericks shall surrender to the city of New Orleans, as administratrix * * * full, complete, unobstructed, physical possession of said streets, making said writ of injunction perpetual,” etc.
This petition is signed, and sworn to by the mayor of the city, and is also signed by the city attorney. ■
The defendants severally excepted:
(1) That the suit has been brought without proper authority, in that the city council has not authorized or directed the city attorney to bring it.
(2) That the petition is too vague, and does *470 not set forth the particulars of the alleged dedication and acquisition.
The exceptions as thus filed were subsequently amended by adding thereto the objection:
“That the petition pretends to set forth a cause of action for opening certain alleged streets, named, and for removing or preventing certain alleged obstructions thereon or thereto; that by law the authority and right of the city of New Orleans to open streets and abate nuisances, as well as to institute suits, rests solely and exclusively in the city council; * * * that no resolution or ordinance of the city council * * * is alleged, * * * directing or requiring the opening of .the streets named, or the taking possession of the property involved, or the ordering the removal or prevention of obstruction, if any, from or to said alleged streets, or the institution of this suit: and it is averred that no such ordinance or resolution was in fact adopted or passed, and this action and suit is in all respects without lawful warrant, alleged or actual. Amending the second ground of exception, appearers allege that, if the title set up in the public is based on written deeds, they are entitled to oyer of the same.”
On February 17, 1905, the exception seems to have been called for trial, and, the judge a quo having ruled that the authority of the counsel for the city to bring the suit could not be challenged save upon the oath of the challenger, the president of the Jockey Club made an affidavit substantially supporting the allegations of the exception, to wit: That the suit is not authorized by ordinance of the council, and that there is no ordinance directing the opening of streets, as set forth in the petition, or the removal of obstructions therefrom, and that, without such ordinance, the city attorney is without authority "in the premises. The city attorney then offered in evidence Ordinance No. 2,355, N. O. S., being an ordinance directing him to institute' legal proceedings to expropriate and condemn, for public use as a park, that tract of land bounded by the rear, or north, line of the City Park, the south line of Taylor avenue, Bayou St. John, and Orleans street, and dedicating the property so acquired to public use as a park. And he likewise offered the expropriation proceedings instituted under the authority of said ordinance.
He further offered Ordinance No. 2,503, N. O. S.', being an ordinance purporting to make provision for the obtention of $60,000 wherewith to pay for the property to be expropriated under Ordinance 2,355; and he further offered the city charter.
Somewhat later, to wit, on March 18th and 20th, the defendants, reserving the benefit of the exceptions already filed, for further exception pleaded that the petition discloses no cause of action, and on April 10th the judge a quo rendered judgment as follows:
“It is ordered, adjudged, and decreed that the defendants’ exception of want of authority of the mayor of the city of New Orleans to institute and prosecute this suit be, and is, overruled; that its exception of no cause of action be maintained; and the suit of plaintiff dismissed at its costs.”
This judgment was duly signed on April 14th, and, as has been stated, the plaintiff has appealed, but the defendants have neither appealed nor answered the appeal asking for an amendment of the judgment. It was, as we understand it, conceded in the argument before the court that the land of which the streets as mentioned in the present petition consist, or part of it, is included within the limits of the tract which the city attorney is directed by Ordinance 2,355, N. C. S., to acquire by expropriation; the explanation of the present situation, as given by the city attorney, being that he discovered that the streets in question had already been dedicated to public use only after he had instituted the expropriation suit.
Opinion. '
Although the issue as to the authority of the city attorney to bring suit has, as we have seen, been made the subject of final judgment, regularly signed, and has been decided adversely to the defendants, by whom it was presented, and although the defendants have not appealed, and have not joined *471 in or answered the appeal taken by the plaintiff, and are not before this court, save by way of argument, asking that the judgment appealed from be amended, their learned counsel contend that, in the event that this court should hold that the exception of no cause of action was improperly sustained, it should inquire into and reverse the judgment of the district court upon the issue thus mentioned. The counsel for the plaintiff, on the other hand, argues that, in so far as the judgment of the district court sustains its position, the plaintiff, who alone has appealed, makes no complaint, and that the defendants, having neither appealed nor answered the appeal taken by the plaintiff, are not in a ' position to complain. This last-stated view of the matter we hold to be correct. The Code of Practice provides:
“Art. 8S8. If the appellee has cause to complain of the judgment' appealed from, he may, without appeal on his part, state, in his answer, the points on which he has sustained wrong, and may pray that the judgment be reversed with respect to them.
“Art. 889. But if the appellee, on the appeal of the other party, neglect to pray that the judgment be reversed on those points which are prejudicial to him, he shall not afterwards be allowed to appeal, but the judgment shall be irrevocable against him.”
And, again:
“Art. 890. If the appellee neglect to answer to the appeal within the time allowed him, the appellant may have the case set down for argument, but the appellee shall be allowed to file his answer until the day of argument, if he only prays for confirmation of judgment with costs, but, if he demand the reversal of any part, or damages against the appellant, he shall file his answer at least three days before that fixed for the argument, ■ otherwise, it shall not be received.”
In Morris v. Cain’s Ex’rs et al., 39 La. Ann. 724, 1 South. 806, 2 South. 418, after citing authorities, this court said:
“The appellees in the instant case have neither joined appellants nor answered their appeal. In so far as they are concerned, the decree of the court a qua must remain undisturbed.”
In Talle et al. v. Monasterio et al., 48 La. Ann. 1232, 20 South. 687, the plaintiffs sued for the recovery of real estate, for damages resulting from their alleged illegal eviction therefrom, and for rents during the period of its occupancy by the defendants. Among others, the defendants set up pleas off prescription against all the claims. There-was judgment for the plaintiffs for the property, and against them on the claims for damages and rents; the pleas of prescription as-to those claims having been sustained. The-plaintiffs alone appealed, and the defendants filed no answer or prayer for amendment; but in this court they urged, by way of argument, that the judgment appealed from should be reversed, in so far as it overruled-the plea of prescription set up against the-demand for the property, and upon the original hearing it appears that this contention was sustained. Upon the rehearing, however, this court said:
“On this rehearing our attention is directed to the finality of the judgment in plaintiffs’’ favor for the property, and that the plaintiffs’ appeal brought before this court only the demand of the plaintiffs for rents and damages. It is therefore insisted that our judgment is erroneous in setting aside plaintiffs’ judgment for-the property. The appeal submits to this court the error in the judgment which the appellant conceives operates to his prejudice. If the other party to the suit complains of the judgment, to obtain relief he must appeal, or, answering the appeal of his adversary, claim an amendment. It results that this court, on the-appeal, cannot disturb the judgment except to-the extent asked at our hands by the appellant, unless there is an answer from the appellee demanding an amendment to the judgment. In other words, the judgment becomes final as to the party who takes no appeal and asks no amendment in the mode pointed out by the-Code of Practice. * * * The case cited by the appellees (Miller v. Mercier, 33 Mart. [N. S.] 229) maintains that this court, on appeal, may enforce defenses or sustain grounds not disposed of by the lower court. No doubt of' that. But the demands in respect to which such grounds or defenses are assumed or urged must be before us. Neither the Code nor the decisions sustain the contention that, because of the plea of prescription, filed here or deemed renewed, we can touch a judgment neither appealed from nor sought to be amended by the-party urging the prescription.”
See, also, Gathe v. Broussard et al., 49 La.. Ann. 312, 21 South. 829; Nott v. Nott, 111 La. 1031, 36 South. 109.
*472 It may here be remarked that we are dealing with the case of a distinct issue, which has been specifically disposed of by a final judgment of which no complaint, with respect to the issue so decided, is made, save by way of argument, and that we are not dealing with the case of an issue ignored during the trial or developed by interlocutory ruling, and not appearing as a distinct factor in the final judgment. The judgment before us categorically overrules the exception to the authority of the mayor to prosecute the suit. We cannot reverse the ruling without amending the judgment, and we can no more amend the judgment, in that respect, at the instance of the appellees, who have not, by answer, prayed for the amendment, than we could reverse that part of the judgment which dismisses the suit, if the defendant had appealed and the plaintiffs had not answered and prayed for such amendment.
Holding, therefore, that the question of the authority by which the suit is brought is eliminated, and that the city of New Orleans, administering for its citizens the public places within its corporate limits, is before the court, alleging that certain public streets are unlawfully occupied and obstructed by private persons for their own purposes, and invoking the authority of the court for the removal of such obstruction, we find no difficulty in reaching the conclusion that the petition discloses a cause of action. The learned counsel for the defendants say in their brief:'
“This is manifestly not a suit merely to remove obstructions upon a place conceded to be public, . of which the public had possessed itself, ana which might possibly be acted on summarily, as upon or against something in the nature of a plain nuisance and as a matter of police routine, under an implied warrant from the city council. It is a suit to determine, adversely to the defendants, the disputed question whether or not there has been heretofore a dedication of parts of these two properties as public streets, and whether, even if such dedication has been made in the past, it is a necessity that at this particular time this public right should be finally exercised by an actual opening of streets in areas where,' as yet, the public have had no need of such opening.”
The learned counsel seem to lose sight of the fact that, for the purposes -of the exception now under consideration, there are no disputed questions of fact, and that the court must assume it to be true that the streets described have actually been dedicated to public use, and, but for the obstruction complained of in the petition, are now open to and would'be used by the public, and, this being true, as between the city of New Orleans, representing the owner, and. a trespasser, the former would seem to be the best judge as to whether the owner needs the property. At all events, it is clear that the city, under such circumstances, ought to be heard in court.
It is therefore ordered, adjudged, and decreed that the judgment appealed from, maintaining the exception of no cause of action and dismissing the plaintiff’s suit, be annulled, avoided, and reversed; and it is further ordered, adjudged, and decreed that this cause be remanded to the district court, to be there proceeded with according to law and to the views expressed herein — the costs of the appeal to be paid by the defendants and those of the district court to await the final judgment.