157 So.2d 628 (1963)
Vera TOOLEY, Wife of Ronald J. PENNISON
v.
Ronald J. PENNISON.
No. 1083.
Court of Appeal of Louisiana, Fourth Circuit.
November 4, 1963.
Rehearing Denied December 2, 1963.
Writ Granted January 22, 1964.
*629 Meunier, Martin & Meunier, Richard J. Meunier, New Orleans, for plaintiff and appellee.
James J. Morrison, New Orleans, for defendant and appellant.
McBRIDE and REGAN, JJ., and HENRY F. TURNER, Judge pro tem.
McBRIDE, Judge.
Two appeals taken by the defendant-husband are before us in this hotly-contested *630 divorce suit. The first was from two portions of the judgment of June 1, 1962, that awarded him a divorce on his reconventional demand. He complains that said judgment insofar as it orders him to pay $120 per month for the maintenance and support of his two minor children is a nullity; he also is aggrieved by parts of the third paragraph of the judgment which read as follows:
"It is further ordered, adjudged and decreed that the effective date of termination of the community be the day of this Judgment, and that the community consist of the following items:
"1. The value of the equity in the 37 Fisher Court property to be the difference between the present value of this property and any encumbrance bearing against this property.
"2. The value of the property in Waveland, Mississippi as of the date of this Judgmentalthough it is not decreed that this is community property, but merely that the equity in this property should be divided between husband and wife, since this property was purchased with community funds.
"3. The property at 533-35 Belleville Street in its entirety subject to any encumbrance bearing against this property."
The second appeal is from the judgment of September 14, 1962, which dismissed defendant's rule against his wife for an accounting for all alimony he paid her for the children and also to force her to contribute to their support.

On motion to dismiss
Appellee has moved to dismiss the appeals on the ground they were not taken within the time prescribed by law on the theory judgments granting a divorce or awarding custody of a person or alimony must be taken within thirty days from the expiration of the delay for applying for a new trial when a new trial has not been applied for.
The appeal from that part of the judgment of June 1, 1962, which orders defendant to pay alimony to the children must be dismissed because it was not taken until August 28, 1962, which was a date beyond the thirty-day period prescribed by LSA-C.C.P. arts. 3942-3943 within which such appeal should have been taken. After the right of appeal lapses through the neglect of the appellant, this court cannot legally take cognizance of the appeal.
However, the motion to dismiss must be denied insofar as the appeal relates to that part of the judgment which adjudicates the status of the property owned by the parties and their respective rights therein. The thirty-day period set forth in LSA-C.C.P. arts. 3942-3943 has no application to defendant's appeal from said portion of the judgment for the reason that the appeal was taken not from the judgment granting the divorce or the custody of the children but only from that part thereof which affects the property rights of the parties. Cure v. Tobin, 217 La. 713, 47 So.2d 329.
The second appeal was taken on October 11, 1962, well within a thirty-day period even assuming, but without deciding, that the time for taking such appeal is to be regulated by LSA-C.C.P. arts. 3942-3943.
Therefore, the motion to dismiss is maintained insofar as the appeal from the judgment of June 1, 1962, pertains to the award of alimony and to that extent the appeal is dismissed; but in all other respects the motion to dismiss the appeals is denied.

On the merits
The property known as 37 Fisher Court was acquired by the defendant about two months prior to his marriage for an insignificant downpayment in cash and on terms of credit for a substantial balance of the price. After marriage, certain payments *631 were made with community funds on account of the mortgage or mortgages, the exact amount of which payments are not shown clearly by the evidence. Whereas title to the property was vested in the husband when he married, it belonged to his separate estate on the dissolution of the marriage and not to the community existing between him and his wife, and any payments on the property made during the marriage from community funds became a debt in favor of the community and against the husband. Jefferson v. Stringfellow, 148 La. 223, 86 So. 774.
The parties and their children resided in the Fisher Court property. Appellant argues that the payments made by the community on account of the husband's mortgage indebtedness amounted to only $50.84 per month which he contends was an amount less than the community would have had to pay to the landlord each month had the family lived in a rented house. He argues that he is entitled to offset the amount he owes the community representing the monthly payments on his mortgages by a charge against the community in like amount for the use of his separate property.
The husband's contention is farfetched and without any semblance of validity. LSA-C.C. art. 120 provides that the wife is bound to live with her husband and to follow him wherever he chooses to reside, and he is obliged to receive her and to furnish her with whatever is required for the convenience of life in proportion to his means and condition. If appellant saw fit to establish the matrimonial domicile in his separate property, we know of no theory of law under which he would be entitled to exact rent from the community. Counsel adopts the position that the rental value of the separate property is the equivalent of an advance by the husband to the community. Even if this could be said to be true, nevertheless the community would not be liable because it does not owe the husband for his separate funds contributed to it except to the extent that the community is thereby enhanced at its dissolution. Munchow v. Munchow, 136 La. 753, 67 So. 819.
The property in Waveland, Mississippi, was bought by the husband in his own name for the sum of $600 in cash taken out of community funds. This property belongs to his separate estate. The common law prevails in Mississippi, and to that system of law the community of acquets and gains between the spouses is unknown. Lewis v. American Brewing Co., La.App., 32 So.2d 109. Our community laws of Louisiana do not operate on real estate in another state or country. Nott v. Nott, 111 La. 1028, 36 So. 109. The property forms no part of the community, but the community should be regarded as the husband's creditor for the advance of $600 with which he paid the purchase price.
The property 533-35 Belleville Street was acquired by the husband in his name during the regime of the community and the evidence is sufficient to show he paid $550 on the cash portion of the purchase price out of his separate funds which he inherited from an uncle. Defendant testified that he and his father jointly bought the Belleville property, the latter having paid $500 on the cash portion of the purchase price, and the father attempted to corroborate appellant's testimony in that regard. The argument is made that defendant's father owns an undivided one-half interest in the property and therefore only an undivided half interest belongs to the community which existed between appellant and his wife. We have carefully analyzed the testimony respecting the acquisition of the property, and we do not believe the purchase was a joint venture and our view coincides with that entertained by the trial judge that the $500 which defendant received from his father was no more than a loan or advance. The elder Pennison stated that he occupied a portion of the property as his residence and paid $22.50 each month to his son, and *632 we believe this was nothing else but rent. The wife declared she knew nothing of any joint purchase by defendant and his father, and we think it of great significance that the father did not insist or require that he be named in the act of conveyance as joint purchaser or that his son execute a counterletter running in his favor.
The whole of the Belleville property, subject to the encumbrances thereon, belongs to the community and the husband's separate estate should be deemed a creditor of the community for the $550 in separate funds which he paid when acquiring title.
There is no error in the judgment dismissing defendant's rule for an accounting and his effort to have the wife held liable with him for alimony for the two children. We know of no law and have been referred to none which gives the husband a right to force the wife to account for alimony she has received for the account of the children, and such a proceeding as appellant resorted to is improper. If for any reason the husband should believe the alimony to be excessive or unnecessary for the children's upkeep, he has an adequate remedy under the law. Insofar as his attempt to make the wife liable for alimony is concerned, same should be given no consideration, as the wife testified as to what her household expenses aggregate each month, and it appears to us that the amount required for the support of the children is even greater than the amount their father is paying. The evidence shows she is making her own living and some of her earnings go toward the children's support.
In view of our conclusions, a portion of the judgment of June 1, 1962, must be recast.
Therefore, the third paragraph of said judgment is recast and amended so as to read and provide as follows:
It is ordered, adjudged and decreed that the effective date of termination of the community be the day of this judgment and that the status of the property owned by the parties be fixed as follows:
(1) The property known as 37 Fisher Court is declared to belong to the separate estate of defendant, and the aggregate of any payments on or for the account of the property made during the marriage from community funds is a debt in favor of the community and against the husband individually.
(2) The community shall have no claim against or interest in the property in Waveland, Mississippi; however, the community is declared to be the husband's creditor for the advance of $600 with which he paid the purchase price.
(3) The whole of the property 533-35 Belleville Street, subject to existing encumbrances, is declared to be an asset of the community of acquets and gains; however, defendant-husband's separate estate is recognized as a creditor of the community for the $550 in separate funds which he paid on the cash portion of the purchase price.
(4) All other items both real and personal which belong to the community.
(5) A credit for all community debts.
(6) It is specifically declared that the community is indebted to Robert M. Pennison in the sum of $500.00 advanced by him at the time of the purchase of 533-35 Belleville Street.
And as thus amended, and in all other respects, the judgment of June 1, 1962, and the judgment of September 14, 1962, are affirmed. Plaintiff-appellee is to pay the cost of the appeals.
Amended and affirmed.