| iBYRNES, Judge.
Plaintiff-appellant, John Norbert Reilly appeals a judgment dividing the community property arising out of his marriage to the defendant-appellee, B. Joyce Nelson Reilly. We reverse.
John and Joyce were married on June 30, 1986. John filed for a divorce on May 27, 1993. The parties stipulated that the community was terminated on May 28,1993. On November 10,1993 John filed a petition for a partition of the community. Judgment of divorce was rendered on November 2, 1994. A trial was held to partition the community property in April of 1995 and judgment was *1276 rendered pursuant thereto on June 1, 1995. John complains that the judgment of the trial court failed to recognize his community interest in the following assets:
1. A house in the Bahamas.
2. A golf cart in the Bahamas.
3. An account in the Whitney National Bank in the amount of $41,236.30.
4. Certificate of deposit # 1071220000082 in the amount of $76,199.65 in the Whitney National Bank.
5. Certificate of deposit # 1071300000088 in the amount of $18,000.00 in the Whitney National Bank.
laThe judgment of the trial court held that the house in the Bahamas was Joyce’s separate property purchased by her during the marriage with her separate funds. The judgment made no mention of the Golf cart or the sums on deposit with the Whitney Bank. John contends that the house in the Bahamas was not Joyce’s separate property and that it was not purchased with her separate funds. John also contends that it was error for the judgment of the trial court to fail to address the status of the golf cart and the three Whitney accounts listed above. These are the only items that this Court has been asked to rule in this appeal.
Things in the possession of a spouse during the existence of the community are presumed to be community, but either spouse may prove that they are separate property. LSA-C.C. art. 2340. Community property includes property acquired during the existence of the community through the effort, skill or industry of either spouse; property acquired with community things or with community and separate things; and the natural and civil fruits of separate property[1] and/or community property. LSA-C.C. art. 2338 and 2339. The party asserting the separate nature of the property acquired during the marriage has the burden of overcoming the strong presumption in favor of the community. Hinckley v. Hinckley, 583 So.2d 125, 127 (La.App. 4 Cir.1991.) To meet this burden, the proof must be clear, positive and of a legally certain nature that the property was separate instead of community. Id.; Allbritton v. Allbritton, 561 So.2d 125 (La.App. 3 Cir.1990), writ denied, 565 So.2d 445 & 565 So.2d 454 (1990). Separate property includes property acquired by the spouse prior to the marriage; property acquired with separate things or with separate and community things when the value of the ^community things is inconsequential in comparison with the value of the separate things used; and property acquired individually by gift or inheritance. LSA-C.C. art. 2341.
I. THE HOUSE IN THE BAHAMAS
The trial court found that the Bahamas property was Joyce’s separate property because it was purchased the with her separate funds and in her name exclusively, and was intended by her to be separate and not community property.
In Pennison v. Pennison, 157 So.2d 628, 631 (La.App. 4 Cir.1963), writ refused 245 La. 585, 159 So.2d 290 (1964) the court held:
“The property in Waveland, Mississippi, was bought by the husband in his own name for the sum of $600 in cash taken out of community funds. This property belongs to his separate estate. The common law prevails in Mississippi, and to that system of law the community of acquets and gains is unknown. Lewis v. American Brewing Co., La.App., 32 So.2d 109. Our community laws of Louisiana do not operate on real estate in another state or country, [emphasis added] Nott v. Nott, 111 La. 1028, 36 So. 109. The property forms no part of the community, but the community should be regarded as the husband’s creditor for the advance of $600 with which he paid the purchase price.”
Similarly, the law of the Bahamas is based on the English common law. Central Intelligence Agency — The World Fact Book 1995 at p. 32. “No community property law exists” in the Bahamas. Martindale — Hubbell Law Digest (1966 ed.), Bahamas, Husband and Wife. Therefore, the Bahamas real property forms no part of the parties’ Louisiana community property regime.
*1277 This does not rule out the possibility that the community could be Joyce’s creditor for the advance of funds used to acquire and pay for the property. Id. The trial court found as a matter of fact that all such funds were Joyce’s separate |4property. Joyce testified that the $70,000.00 initial cash payment used to acquire the Bahamas house came from a loan secured by a Whitney certificate of deposit which was her separate funds. Although John had no community claim to the collateral, he argues that the $70,000.00 loaned against that collateral constituted a community debt. To the extent that John may be correct in this argument his claim would be cancelled out by the corresponding community debt and/or Joyce’s claim for reimbursement of her separate estate in connection with the loan. In any event, the bottom line is the same and the result reached by the trial court is correct.
II. THE GOLF CART
John contends that Joyce should be bound by the $5,000.00 valuation placed on the golf cart in her sworn descriptive list. However, he testified that the purchase price of the golf cart was only $2,500.00. It was paid for by credit card and was acquired during the existence of the community. Even though the credit card was in Joyce’s name only, it was a community acquisition. The failure of the trial court to recognize it as such was error. Joyce failed to overcome the presumption that it was a community asset. Based on the record before us we find the golf cart was a community asset which we value at $800.00.
III. THE $41,236.30 WHITNEY ACCOUNT
Joyce testified that the Whitney account for $41,236.30 was an account that existed during the marriage and consisted of interest income earned during the marriage on certificates of deposit she owned. As such it must be classified as community property. The failure of the trial court to so classify the account was reversible error.
LIV. THE WHITNEY CERTIFICATE OF DEPOSIT #1071220000082 IN THE AMOUNT OF $76,199,65 AND CERTIFICATE OF DEPOSIT #107130000088 IN THE AMOUNT OF $18,000.00.
The record contains clear and convincing evidence that the funds in these accounts had their origin in accounts that belonged entirely to Joyce’s parents which were eventually placed into accounts bearing Joyce’s name and her mother’s name jointly, enabling Joyce to gain access to these funds without any formal act of donation or succession proceeding. John makes much of this lack of formal transfer documentation. Joyce’s name was eventually added to these accounts when they were moved to the Whitney Bank. The fact that there was no formal act of donation and Joyce faded to go through a formal succession proceeding does not in and of itself give John an interest in property that comes entirely from Joyce’s parents where there is sufficient other documentation as to the origin of the funds as there is in this case. This is corroborated by John’s testimony that the only thing he brought into the marriage was debt, and that all of the income from the community businesses, his only source of income, went into the Royal Street residences. We also note that John’s name did not appear on either of these two accounts. Although this in itself would not preclude his claim to a community interest in the accounts, it is consistent with the other evidence that does.
The failure of the trial court to rule on the status of these accounts was error. We hold that they are Joyce’s separate property.

DECREE

For the foregoing reasons we affirm the judgment of the trial court decreeing that the house in the Bahamas is the separate property of B. Joyce Nelson Reilly. Additionally, we amend the judgment to include property not ruled upon by the | fi trial court and decree that the golf cart is a community asset with a value of $800.00; that the $41,236.30 Whitney Account is a community asset; and Whitney Certificates of Deposit # 1071220000082 and # 107130000088 in the amounts of $76,199.65 *1278 and $18,000.00, respectively, are the separate property of B. Joyce Nelson Reilly.

AFFIRMED AS AMENDED.

. Unless the fruits of the separate property have been properly reserved. LSA-C.C. art. 2339.